UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.: _____

ROBERT MCKEON JR., pka "DJ4B,"

    Plaintiff,

v.

CHARLIE DUNCKNER, pka "Acraze,"

    Defendant.

_____/

Plaintiff, Robert McKeon Jr., professionally known as "DJ4B" ("hereinafter "Bobby"), hereby sues Defendant, Charlie Dunckner, professionally known as "Acraze" (hereinafter "Charlie"), for breach of fiduciary duty, accounting, unjust enrichment, breach of oral contract and declaratory relief with respect to a copyright entitled "Do It To It" (hereinafter called the "Track"), as follows:

**Overview**

1. Bobby and Charlie are each a DJ/producer/performer in the music industry specializing in electronic dance music ("EDM"). Starting in the fall of 2020, they began to work together as collaborators, to create a derivative copyright, which became a recording known as "Do It to It" (the "Track"). At all times, the parties agreed to work to create together, to record together and together to market and distribute a recording based on the Track. After a long period of working together, Charlie has taken all fruits of their collective labor for himself. Charlie breached his fiduciary duty and released the Track to the public, as his sole recording, cutting Bobby out of his share of the royalties derived therefrom and depriving Bobby from the valuable credits as the co-author and co-creator of the Track.

## THE PARTIES, JURISDICTION & VENUE

2. Bobby is a resident of Red Bank, New Jersey over the age of majority and otherwise *sui juris*.

3. Charlie is a resident of Orange County, Florida over the age of majority and otherwise *sui juris*.

4. This is a claim for damages an excess of $75,000, the parties have diversity of citizenship and this involves a declaratory relief of a federal copyright. Hence, jurisdiction is appropriate pursuant to 28 USC §1338(a). This Court has supplemental jurisdiction over the state claims pursuant to 28 USC §1367(a).

## COMMON ALLEGATIONS

5. Starting in the fall of 2020, Bobby and Charlie were at a friend's house playing for each other's demo recordings that they had each recorded. They were doing so, to critique certain recordings. One of these demo recordings was one that Charlie had recorded a demo of; an old recording by the music group known as "Cherish." Bobby expressed his interest in that recording and he agreed to collaborate together with Charlie, to create a new EDM version of the Track.

6. Consistent therewith, Charlie sent to Bobby his original demo recording, which would enable Bobby to modify and add certain musical elements to the Track.

7. On or about November 28, 2020, Bobby and Charlie worked together to create the new EDM arrangement of a version of the Track.

8. On December 2, 2020, Bobby completed his first version of the Track in which he flushed out the arrangement, added an EDM baseline, added a new melody, added reworked drums, creating a new version of the Track.

9. Throughout November and December of 2020, Bobby and Charlie worked as collaborators, discussing modifications to the Track, meeting at studios, and exchanging their ideas for an EDM version of the Track.

10. However, before they could release the Track, they needed to clear a sample, since a portion of the new version of the Track contained a sample of recorded copywritten music from the group "Cherish,"; who created the original version of the Track that was released in 2006. Bobby and his manager then spent eight months to clear the sample and publishing from Cherish and their music publisher and they were able to retain 30% of the new composition to both Bobby and Charlie.

11. Further, Bobby's manager convinced the original group, Cherish, to re-record the vocals for use on the EDM version of the Track.

12. Sometime thereafter, certain disputes arose between Charlie and Bobby. As a result, Charlie, acting to the exclusion of Bobby, released the Track on Thrive Records which is distributed by Virgin ~~Records~~ Music. No credit nor acknowledgement of Bobby's contributions to the Track is given.

13. Charley has earned substantial monies from the distribution of the Track and he has refused to account or pay Bobby any portion thereof.

## COUNT I – BREACH OF FIDUCIARY DUTY

Plaintiff readopts and realleges the allegations contained in paragraphs 1 through 13 as if fully set forth herein and further alleges:

14. This is a count for breach of fiduciary duty.

15. At all times, Bobby and Charlie acted as collaborators/partners. As Bobby's partner, Charlie owed to him a fiduciary duty to act honestly, fairly and in each other's best interests.

16. Bobby and Charlie pledged to each other that they would act in good faith for the mutual benefit of their partnership and they would not take for themselves an interest in a partnership asset.

17. Pursuant to F.S. 620.8404, Charlie owed to Bobby the partnership statutory fiduciary duty of loyalty.

18. The Track was created and owned by the partnership created by Bobby and Charlie.

19. Charlie took for himself and to the exclusion of Bobby, the Track, releasing same for his sole benefit and control, excluding Bobby from all revenue derived therefrom and any credit for having worked on the recording.

20. Bobbie fully relied on Charlie as a member of the partnership and who agreed to act in Bobby's best interest.

21. Charley breached his fiduciary duty owed to Bobbie by entering into a separate distribution agreement with Thrive Records for the distribution of the recording of the Track and to the exclusion of Bobby, cutting Bobby out of all revenues derived from same.

22. Charlie breached his fiduciary duty owed to Bobby by failing to give Bobby appropriate credit for his contributions to the recording of the Track.

23. As a direct and proximate result of Charlie's breaches of the fiduciary duty that he owed to Bobby, Bobby has been damaged.

WHEREFORE the reasons set forth Robert McKeon Jr., seeks damages against Charlie as a result of the breach of fiduciary duty, including but not limited to special damages in the form of lost profits together with such further relief as this court deems appropriate.

## COUNT II - ACCOUNTING

Plaintiff readopts and realleges the allegations contained in paragraphs 1 through 13 as if fully set forth herein and further alleges:

24. This is a count for accounting, as is the usual cause of action between and among collaborators.

25. Charlie received certain royalties from the distribution of the Track, for which he must account and pay Bobby his equal portion thereof.

26. The computation of the royalties derived from the exploitation of the Track requires a complex and sophisticated accounting, done by a person having experience in the music industry.

WHEREFORE the reasons set forth Robert McKeon Jr., asks this court to render an accounting and enter an amount of damages against Charlie as equal to 50% of the revenues derived from the exploitation of the Track together with such further relief as this court deems appropriate.

## COUNT III - UNJUST ENRICHMENT

Plaintiff readopts and realleges the allegations contained in paragraphs 1 through 13 as if fully set forth herein and further alleges:

27. This is a count for unjust enrichment.

28. Bobby provided a valuable service at the request of Charlie.

29. Charlie voluntarily accepted and benefited from the services rendered by Bobby.

30. Under the circumstances, it would be inequitable for Charlie to retain the services of Bobby without paying for same.

WHEREFORE for the reasons set forth herein, Bobby asks this Honorable Court to award him a reasonable value for the services he provided to Charlie.

## **COUNT IV - BREACH OF ORAL CONTRACT**

Plaintiff readopts and realleges the allegations contained in paragraphs 1 through 13 as if fully set forth herein and further alleges:

31. This is a count for breach of contract.

32. Bobby and Charlie entered in an oral contract, to work together to create and market the Track and to share the credit and monies derived therefrom equally (the "Oral Contract").

33. It was fully intended and expected that all work to be done to create the Track would be completed within one year.

34. The terms of the oral agreement were simple: that they would work together as collaborators, to complete the Track, they would release the Trak through a record company and jointly share the proceeds derived therefrom.

35. Bobby fulfilled all of his obligations under the Oral Contract.

36. Charlie breached the terms of the Oral Contract, by excluding Bobby from all revenues and credit derived from the distribution of the Track.

37. As a direct and proximate result of the breach of the Oral Contract by Charlie, Bobby has been damaged.

WHEREFORE the reasons set forth Robert McKeon Jr., seeks damages against Charlie as a result of the breach of the terms of the Oral Contract, including but not limited to special damages in the form of lost profits together with such further relief as this court deems appropriate.

## **COUNT IV – DECLARATORY RELIEF**

Plaintiff readopts and realleges the allegations contained in paragraphs 1 through 13 as if fully set forth herein and further alleges:

38.     This is a count for declaratory relief pursuant to 28 USC §2201 – Declaratory Judgment Act in which Bobby is seeking a declaration that he is a co-author of the Track and hence, the co-owner of the copyright to the Track pursuant to the Copyright Act, USC §101 *et seq*.

39.     The relief sought is not for the giving of legal advice by the Court, nor to answer equities propounded from curiosity, but rather for the resolution of an existing controversy about whether or not Bobby is a co-author and hence, the co-owner of the Track.

40.     Bobby asks this Court to declare his rights to the Track based upon Charlie's acts in which he has engaged in a course of conduct that brings the ownership of the copyright to the Track into an adversarial conflict.

WHEREFORE for the reasons set forth herein, Plaintiff Robert McKeon Jr., asks this Honorable Court to declare and determine that he is in fact the co author and equal owner of the track and all rights thereunder.

Respectfully Submitted,

**WOLFE LAW MIAMI, P.A.**
*Attorneys for Plaintiff Robert McKeon Jr.*
175 SW 7th Street, Suite 2410
Miami, FL 33130

                              Phone:  305.384.7370
                              Fax:     305.384.7371

*/s/ Richard C. Wolfe*

RICHARD C. WOLFE
Florida Bar No.: 355607
rwolfe@wolfelawmiami.com